[Civ. No. 13047. Third Dist. Oct. 26, 1971.]

In re MARY B., a Person Coming Under the Juvenile Court Law.
PETER J. CAPOVILLA, as Chief Probation Officer, etc., Plaintiff and
Respondent, v.
MARY B., Defendant and Appellant.

**COUNSEL**

Harold J. Lucas for Defendant and Appellant.

Evelle J. Younger, Attorney General, Nelson P. Kempsky and O. Robert Simons, Deputy Attorneys General, for Petitioner and Respondent.

**OPINION**

**FRIEDMAN, Acting P. J.**—In company with two boys Mary B., age 15, took an automobile trip without consent of the vehicle's owner. The Butte County Juvenile Court entered a jurisdictional order declaring she came within section 602, Welfare and Institutions Code.[1] It ordered the case transferred to Tehama County where the minor and her parents lived. In the latter county the court appointed counsel, held a hearing and entered an order of disposition. The minor's attorney filed in Tehama County a notice of appeal from the jurisdictional order of the Butte County court.

 The order of transfer to the county of the minor's residence had accomplished removal of "the entire case" to Tehama County. (§ 750.) Thus, although the appeal is from the order of the Butte County court, the notice of appeal was properly filed in Tehama County. A party who seeks to attack a transferred wardship order should recognize that the clock is running on his appeal without regard to developments in the county of residence. (See § 800.) Here the appeal is timely, the notice having been filed just before lapse of the 60-day period from the order under attack. (See rule 2, Cal. Rules of Court; *In re De Baca,* 197 Cal. App.2d 672, 675 [17 Cal.Rptr. 554].)

 The sole record of the Butte County proceeding is a jurisdictional order and finding signed by a juvenile court referee. It consists of a pre-pared form containing a series of alternative statements expressed by means of x's or check marks. It recites the presence of the minor and

---

[1]All statutory references in this opinion are to the Welfare and Institutions Code unless otherwise indicated.

her parents, but not of an attorney or court reporter.[2] Relative to the declaration and waiver of rights, the form states: "Court advises Minor and those present of right to legal counsel and explains purpose of this hearing and programs used by juvenile court, and nature of Petition and charges contained therein. Minor waives counsel, states she understands the Petition and charges and wishes to proceed."

. The jurisdictional order violates constitutional and statutory standards and cannot stand. ■ The Juvenile Court Law has incorporated and spelled out constitutional rights to representation by counsel, to protection against self-incrimination and to confrontation and cross-examination of witnesses. In cases involving the minor's violation of a penal statute, sections 634 and 700 require the court to appoint an attorney for the juvenile unless there is an intelligent waiver. Section 702.5 declares that the minor has a privilege against self-incrimination and a right to confront and cross-examine witnesses.

The protection of these rights entails creation of a record affirmatively signifying that each of these rights has been communicated in an understandable fashion and has been fulfilled or intelligently waived. A reviewing court can resolve matters of waiver only upon a trial court record. (*People v. Lara,* 67 Cal.2d 365, 376 [62 Cal.Rptr. 586, 432 P.2d 202].) ■ In adult prosecutions a plea of guilty cannot stand unless the record "specifically and expressly" shows the enumeration and waiver of constitutional rights. (*People v. Rizer,* 5 Cal.3d 35, 38 [95 Cal.Rptr. 23, 484 P.2d 1367]; *In re Tahl,* 1 Cal.3d 122, 132-133 [81 Cal.Rptr. 577, 460 P.2d 449].) When a juvenile admits an offense which involves delinquency and potential detention, the record must similarly reflect his knowledge and waiver of rights. (*In re Michael M.,* 11 Cal.App.3d 741, 744 [96 Cal. Rptr. 887].)

■ In this case the prepared form utilized by the Butte County referee fell far short of the law's demands. It reflected no awareness and no waiver of the self-incrimination and confrontation elements. The statement as to the hearing's "purpose" and the juvenile court's "programs" was shallow, euphemistic and cryptic, preventing any inquiry into the family's awareness of the array of potential disabilities flowing from admission of the offense. ■ Whether there has been an effective waiver of counsel is a question of fact which can be resolved only by a record that the person was offered counsel but intelligently and knowingly rejected the offer. (*In re Smiley,* 66 Cal.2d 606, 621 [58 Cal.Rptr. 579, 427 P.2d 179].) Intelligent waiver

---

[2]Section 677 requires a shorthand reporter at hearings conducted by a juvenile court judge and permits one at hearings conducted by a referee.

of counsel requires some understanding of the nature of the charge, the elements of the offense, the possible defenses and potential penalties. (*In re Johnson,* 62 Cal.2d 325, 335 [42 Cal.Rptr. 228, 398 P.2d 420]; *In re Render,* 271 Cal.App.2d 423, 426-427 [76 Cal.Rptr. 522].) Without some awareness of potential disabilities the minor and her parents could not intelligently waive counsel. The sparsity of the jurisdictional order coupled with lack of a reporter's transcript prevent inquiry into the existence of waiver. Reversal must follow.

A sequential problem is whether reversal of the jurisdictional order calls for re-transfer to Butte County, where the order was made. Section 651 places venue of juvenile proceedings in the county where the minor resides, where he is found or where the act occurred. After a jurisdictional order covering a minor who resides in another county, section 750 permits transfer of "the entire case" to the latter county. Here, the legal deficiencies characterizing the jurisdictional order of the Butte County Court do not obliterate the fact that the order was made. Since Tehama County has "the entire case," the remittitur from the appellate court will permit it to proceed with a new jurisdictional hearing.[3]

Finally, we turn to a question which may arise in the ensuing proceedings. The Tehama County judge questioned the legality of the Butte County proceedings because the minor was permitted to admit the charge in advance of evidence to support the wardship petition. In juvenile proceedings, the minor may admit the charge against him; this admission is the equivalent of a plea of guilty and dispenses with the necessity for presenting evidence in support of the petition. (*In re Patterson,* 58 Cal.2d 848, 853 [27 Cal.Rptr. 10, 377 P.2d 74].) As we have pointed out, a valid admission of the charge presupposes an effective waiver of constitutional rights.

The jurisdictional order is reversed and the cause remanded to the Juvenile Court of Tehama County for proceedings consistent with this opinion.

Regan, J., and Pierce, J.,* concurred.

A petition for a rehearing was denied November 18, 1971, and respondent's petition for a hearing by the Supreme Court was denied December 23, 1971.

---

[3]Situations may arise where the interests of the minor or of the prosecuting authorities call for re-transfer to the county where the events occurred. In holding that the county of residence has jurisdiction to proceed following reversal on appeal, we do not foreclose the possibility of a re-transfer.

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.