[Crim. No. 7024. Third Dist. Jan. 24, 1974.]

In re ARTHUR N., a Minor, on Habeas Corpus.

## Counsel

Robert L. Walker and Peter Bull for Petitioner.

Evelle J. Younger, Attorney General, Eddie T. Keller and Willard F. Jones, Deputy Attorneys General, for Respondent.

## Opinion

**JANES, J.**—Upon petitioner's application to this court for a writ of habeas corpus, we issued an order to show cause on September 17, 1973, and informed the parties that the petition had been treated by us as a motion for an order permitting petitioner to file a late notice of appeal. (See *People* v. *Serrano* (1973) 33 Cal.App.3d 331 [109 Cal.Rptr. 30].) Thereafter, in *In re Benoit* (1973) 10 Cal.3d 72, at page 78 [109 Cal.Rptr. 785, 514 P.2d 97], the Supreme Court indicated that habeas corpus is a proper remedy in such cases. We treat the application, therefore, in the manner in which it was intended, i.e., as a petition for a writ of habeas corpus.

### Record

The facts alleged in the petition, and otherwise shown by the record (see fn. 4, *infra*), are not disputed by the Attorney General.

In May 1972, a petition was filed against petitioner in Yolo County Juvenile Court charging him with being a person described by section 602 of the Welfare and Institutions Code in that he had allegedly committed a robbery (Pen. Code, § 211). Petitioner, who was then 17 years old, denied the allegations of the petition and, being without funds, was represented at the contested jurisdictional hearing by a deputy public defender. The juvenile court sustained the petition in an order filed June 2, 1972. On June 21, 1972, petitioner was ordered committed to the California Youth Authority.

Although he had a statutory right to appeal (Welf. & Inst. Code, § 800),[1] petitioner failed to file an appeal from the jurisdictional or dispositional

---

[1]In relevant part, Welfare and Institutions Code section 800 provides: "A judgment or decree of a juvenile court . . . assuming jurisdiction and declaring any person to be a person described in Section . . . 602 . . . may be appealed from in the same manner as any final judgment, and any subsequent order may be appealed from as from an order after judgment . . . . [¶] An appellant unable to afford counsel shall be provided a free copy of the transcript."

orders within 60 days after the making of those orders, the period fixed by the California Rules of Court.[2] He failed to do so because, having no such knowledge himself, he was never informed by his attorney, by his probation officer, by the juvenile court judge, or by anyone else at the juvenile court hearings that he had a right to appeal, to a free transcript on appeal, and to court-appointed counsel on appeal, nor was he told of the procedure to appeal.[3]

Petitioner first learned of his appellate rights at an unspecified date in September 1972, when they were explained to him by an attorney from the Youth Law Center in San Francisco (petitioner's present counsel). On October 5, 1972, the attorney mailed to the Yolo County Clerk petitioner's notice of appeal from the jurisdictional and dispositional orders. On October 11, 1972, the notice of appeal was received by the clerk, who promptly informed counsel that the notice had been marked "Received But Not Filed." (See fn. 2, *supra.*)

On October 19, 1972, petitioner filed with the juvenile court a notice of motion for an order permitting him to file a late notice of appeal and directing the clerk and reporter to prepare the transcripts designated by petitioner. After a hearing on the motion, the court filed such an order on November 22, 1972. The clerk filed the notice of appeal the same day.

The record on appeal was filed in this court on January 22, 1973. Four days later, on our own motion, we ordered the filing of the record vacated,

---

[2]Rule 31(a), as amended effective January 1, 1972, provides in relevant part: "In the cases provided by law, an appeal is taken by filing a written notice of appeal with the clerk of the superior court within 60 days after the rendition of the judgment or the making of the order. . . . [¶] Whenever a notice of appeal is received by the clerk of the superior court after the expiration of the period prescribed for filing such notice, the clerk shall mark it 'Received (date) but not filed' and advise the party seeking to file the notice that it was received but not filed because the period for filing notice of appeal had elapsed."

In the instant case, the parties assume that rule 31(a) (time to file criminal appeals) applies, rather than rule 2(a) (time to file civil appeals). Since the 60-day limit likewise is prescribed by rule 2(a), the matter is not determinative of the issue before us, which we resolve on equal protection grounds involving rule 250, *infra.* (See *In re Mary B.* (1971) 20 Cal.App.3d 816, 819 [98 Cal.Rptr. 178], and *In re DeBaca* (1961) 197 Cal.App.2d 672, 674-675 [17 Cal.Rptr. 554], both holding that rule 2(a) is applicable to adjudications that juveniles violated the criminal law.)

[3]Respondents concede that petitioner was not advised of his rights on appeal by the juvenile court judge; but without denying the fact, they "do not concede" that petitioner's attorney also failed to give such advice. Respondents emphasize that, according to the petition, the deputy public defender subsequently "did not recall advising petitioner of his right to appeal and assumed that he had not [so advised petitioner]." Counsel's alleged lack of recollection does not controvert petitioner's unequivocal averment that he was not so advised by his counsel; indeed, the alleged lack of recollection tends to support petitioner's claim.

and the record stricken from our files, because the juvenile court's order of November 22, 1972, was without that court's jurisdiction.[4] On March 13, 1973, petitioner filed a petition for a writ of habeas corpus in the San Joaquin County Superior Court, by which he sought to reinstitute his appeal. The superior court denied the petition on April 13, 1973. The instant petition (originally treated by us as a motion) was filed in this court on May 11, 1973.

### CONTENTIONS

As adopted January 1, 1972, rule 250 of the California Rules of Court (Superior Court Rules) provided in relevant part: "After imposing sentence in a criminal case upon conviction after trial, the court shall advise the defendant of his right to appeal from the judgment, of the necessary steps and time for taking an appeal and of the right of an indigent defendant to have counsel appointed by the reviewing court."[5]

■ Petitioner contends that his failure to receive from the juvenile court the same advice as specified in rule 250 denied him equal protection of the laws. The contention is meritorious.

■ The State of California is not constitutionally required to establish avenues of appellate review, "but it is now fundamental that, once established, these avenues must be kept free of unreasoned distinctions that can only impede open and equal access to the courts." (*Rinaldi* v. *Yeager* (1966) 384 U.S. 305, 310 [16 L.Ed.2d 577, 581, 86 S.Ct. 1497].)

■ A juvenile's statutory right of appeal, as provided by Welfare and Institutions Code section 800, deeply involves the minor's fundamental interests. (See *Dana J.* v. *Superior Court* (1971) 4 Cal.3d 836 [94 Cal.Rptr. 619, 484 P.2d 595]; *In re Dana J.* (1972) 26 Cal.App.3d 768, 771 [103 Cal.Rptr. 21]; cf. *In re Winship* (1970) 397 U.S. 358 [25 L.Ed.2d 368, 90 S.Ct. 1068]; *In re Gault* (1967) 387 U.S. 1 [18 L.Ed.2d 527, 87 S.Ct. 1428].) ■ In cases touching upon fundamental interests of the individual, the state bears the burden of establishing not only that it has a *compelling* interest which justifies the suspect classification, but also that the distinctions drawn by the regulation are *necessary* to further its purpose. (*Serrano* v. *Priest* (1971) 5 Cal.3d 584, 597 [96 Cal.Rptr. 601, 487 P.2d 1241, 41 A.L.R.3d 1187].)

---

[4]At the request of the Attorney General, the record on the abortive appeal from the juvenile court's orders has been lodged in this writ proceeding.

[5]By amendment effective July 1, 1972, rule 250 was also made applicable after the making of "an order deemed to be a final judgment in a criminal case upon conviction after trial. . . ."

Although the Attorney General's return argues that the restriction in rule 250 to "a criminal case upon conviction after trial" is reasonable and bears a rational relationship to a legitimate state purpose (*Serrano* v. *Priest, supra,* 5 Cal.3d at p. 597), the Attorney General makes no showing whatever that, as regards contested adjudications under Welfare and Institutions Code section 602, such restriction in rule 250 is necessary and is justified by a compelling state interest.

We think it self-evident that petitioner's failure to receive the advice prescribed by rule 250 denied him equal protection of the laws. (Cf. *In re Brown* (3d Cir. 1971) 439 F.2d 47, 51-53.) We are fortified in this conclusion by the tacit recognition given by the Judicial Council to the need to end such inequality—such recognition being reflected in the council's adoption of rule 251 of the California Rules of Court effective July 1, 1973 (long subsequent to petitioner's commitment). Rule 251 provides: "In juvenile court proceedings in which the minor is found to be a person described by Section 600, 601, or 602 of the Welfare and Institutions Code after a contested issue of fact or law, the juvenile court judge or referee, after making his order at the conclusion of the dispositional hearing or an order changing or modifying a previous disposition at the conclusion of a hearing on a supplemental petition, shall advise, either orally or in writing, the minor and, if present, his parent, guardian or adult relative of any right to appeal from such order, of the necessary steps and time for taking an appeal, and of the right of an indigent person to have counsel appointed by the reviewing court."

In his petition for a writ of habeas corpus, petitioner asserts that "[a]fter learning of his right to appeal, petitioner acted promptly and with due diligence and filed his notice of appeal, but the 60 day time-limit had already expired." Respondents did not controvert this allegation in their return. They suggest, however, in argument, that petitioner must be faulted for lack of diligence in the pursuit of his appellate rights. As our summary of the record has shown, petitioner first learned of those rights sometime in September 1972, when they were explained to him by his present counsel. Thereafter, on October 5, petitioner's attorney mailed to the Yolo County Clerk petitioner's notice of appeal from the jurisdictional and dispositional orders. For unexplained reasons, the notice of appeal was not received by the clerk until October 11, 1972. Counsel was then informed by the clerk that the notice had been marked "Received But Not Filed." Taking the view of time most adverse to petitioner, the clerk thus received petitioner's notice of appeal 41 days after petitioner first learned of his appellate rights. With commendable zeal, petitioner's present counsel, upon receiving the clerk's notice, noticed a motion in Yolo County Juvenile Court for an

order permitting a late filing of petitioner's notice of appeal, and counsel has relentlessly pursued petitioner's claimed right in several courts and by multiple proceedings. No lack of diligence can be ascribed to petitioner.

Effective January 1, 1972, by an amendment of rule 31(a) of the California Rules of Court (fn. 2, *supra*), the time to file notice of appeal in criminal cases was changed from 10 days to 60 days, and there was deleted from that rule its former language which had authorized the reviewing court in appropriate cases to grant criminal defendants relief from their failure to file timely notice of appeal. The parties herein assume that rule 31(a), rather than rule 2(a), applies. (See fn. 2, *supra*.) However, as this court said in *People v. Serrano, supra,* 33 Cal.App.3d at pages 336-337, "Although rule 31(a) no longer contains an express provision for relief from default, the deletion of such provision cannot deprive the appellate courts of their inherent duty to protect constitutional rights. [Citations.] By parity of reasoning, the change from 10 days to 60 days [in rule 31(a)] will reduce the number of belated appeals, and will make it more difficult to prove grounds for relief; but the mere change in time limit cannot *eliminate* such grounds where they spring from constitutional doctrine." (Original italics.) (Cf. *In re Benoit, supra,* 10 Cal.3d 72.) Similarly, if petitioner's appeal from the juvenile court's orders be deemed governed by rule 2(a), our duty to protect his constitutional rights is no less. (See *In re Brown, supra,* 439 F.2d at pp. 51-53.)

In view of our foregoing conclusions, it is unnecessary to assess petitioner's contentions that his failure to be advised of his appellate rights denied him due process and adequate legal counsel.

### Disposition

Let the writ issue. The County Clerk of the County of Yolo is directed to file the notice of appeal tendered to said clerk by petitioner on October 11, 1972, in juvenile court proceeding No. 4764, and to treat the same as a timely notice of appeal. Upon notice to this court of the filing of such notice of appeal, the clerk of this court is directed to file the record on appeal in said proceeding. The order to show cause issued herein is discharged.

Richardson, P. J., and Friedman, J., concurred.