[Crim. No. 27415. Second Dist., Div. Five. Mar. 30, 1976.]

In re GARY R., a Person Coming Under the Juvenile Court Law.
CLARENCE F CABELL, as Acting Chief Probation Officer, etc.,
Plaintiff and Respondent, v.
GARY R., Defendant and Appellant.

## COUNSEL

Glenn S. Buzard, under appointment by the Court of Appeal, and Buzard, Larson & McIntyre for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Shunji Asari and Mark Alan Hart, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

ASHBY, J.—Appellant attempts to appeal from an order by a referee of the juvenile court finding that appellant is a person described by Welfare and Institutions Code section 602. We have concluded that the notice of appeal was not timely filed and the appeal must be dismissed.

On January 29, 1975, a referee of the juvenile court found true paragraphs I and II of a petition alleging that appellant came within Welfare and Institutions Code section 602 in that he committed burglary

and battery. (Pen. Code, §§ 459, 242.) At the dispositional hearing on February 13, 1975, a different referee ordered that appellant remain a ward of the juvenile court under section 602 and be placed on probation in the home of his parents. He advised appellant of his appellate rights pursuant to rule 251, California Rules of Court.[1] On February 24, 1975, appellant filed a petition for rehearing by a judge of the juvenile court pursuant to Welfare and Institutions Code section 558. On April 29, 1975, a judge of the juvenile court denied the petition for rehearing, and a copy of this order was furnished to the applicant on that date. ■ ■ ■ ■  The notice of appeal, in propria persona, "from the orders of the Juvenile Court on Wednesday, January 29, 1975," although dated June 26, 1975, was not filed until Tuesday, July 1, 1975, 63 days after the order denying the petition for rehearing.[2]

## DISCUSSION

Under Welfare and Institutions Code section 800, a "judgment or decree of a juvenile court or final order of a referee which becomes effective without approval of a judge of the juvenile court assuming jurisdiction and declaring any person to be a person described in Section . . . 602 . . . may be appealed from in the same manner as any final judgment, and any subsequent order may be appealed from as from an order after judgment . . . ." ■  The time limit to file the notice of appeal is 60 days from the applicable order. (Cal. Rules of Court, rule 2; *In re Mary B.,* 20 Cal.App.3d 816, 819 [98 Cal.Rptr. 178]; *In re DeBaca,* 197 Cal.App.2d 672, 675 [17 Cal.Rptr. 554].) Even assuming that in appellant's case the 60-day period did not begin to run until the date of the order denying rehearing (*In re J. R.,* 5 Cal.App.3d 597, 601 [85 Cal.Rptr. 396]; *In re Richard D.,* 23 Cal.App.3d 592, 594 fn. 1 [100 Cal.Rptr. 351]; *cf. In re Mary B., supra),* the notice of appeal was filed 63 days later and was therefore untimely.

---

[1]Rule 251 provides as follows: "In juvenile court proceedings in which the minor is found to be a person described by Section 600, 601, or 602 of the Welfare and Institutions Code after a contested issue of fact or law, the juvenile court judge or referee, after making his order at the conclusion of the dispositional hearing or an order changing or modifying a previous disposition at the conclusion of a hearing on a supplemental petition, shall advise, either orally or in writing, the minor and, if present, his parent, guardian or adult relative of any right to appeal from such order, of the necessary steps and time for taking an appeal, and of the right of an indigent person to have counsel appointed by the reviewing court."

[2]Apparently appellant placed the notice of appeal in the mail, postmarked Friday, June 27, 1975, the 59th day after the order denying rehearing. Depositing the notice in the mail is not a constructive filing. (*Nu-Way Associates, Inc.* v. *Keefe,* 15 Cal.App.3d 926, 928 [93 Cal.Rptr. 614]; *Estes* v. *Chimes,* 40 Cal.App.2d 41, 42 [104 P.2d 74].)

██ The timely filing of the notice of appeal is jursidictional. Unless the notice is actually or constructively filed within the relevant period, the appellate court *has no jurisdiction* to determine the merits of the appeal and *must* dismiss the appeal. (*Hollister Convalescent Hosp., Inc.* v. *Rico,* 15 Cal.3d 660, 674 [125 Cal.Rptr. 757, 542 P.2d 1349]; *In re Benoit,* 10 Cal.3d 72, 79 [109 Cal.Rptr. 785, 514 P.2d 97].) ██ In the absence of any applicable rules of construction or interpretation which deem the notice to be timely filed, we have no choice but to dismiss. (*Hollister Convalescent Hosp., Inc.* v. *Rico, supra.*)

This is not a case of an incarcerated prisoner who relied on prison officials or his attorney to file the notice. (Cf. *In re Benoit, supra,* 10 Cal.3d 72, 81-89.) It is not a case involving a *failure* to advise the appellant of his appellate rights. (Cf. *Castro* v. *Superior Court,* 40 Cal.App.3d 614, 618-621 [115 Cal.Rptr. 312]; *In re Arthur N.,* 36 Cal.App.3d 935, 939-941 [112 Cal.Rptr. 89].) Appellant's contention that the advice required by rule 251 at the conclusion of the dispositional hearing is inadequate because a minor might erroneously consider a subsequent petition for rehearing to be his "appeal" is not persuasive. There was nothing in the advice given by the referee in this case which could be construed as suggesting that a petition for rehearing would constitute the minor's appeal.[3] On the contrary, the referee specifically referred to an appeal "to the appellate courts." Moreover, there is no specific showing that appellant himself was confused in this manner or that he was ignorant of his appellate rights. (*Castro* v. *Superior Court, supra,* 40 Cal.App.3d at pp. 621-622.)

The appeal is dismissed.

Kaus, P. J., and Hastings, J., concurred.

---

[3]The referee advised appellant as follows:

"Let me read the appeal rights so you will know what they are: You have the right to appeal to the appellate courts from the findings and orders of this court. You must file your notice of appeal within 60 days from the time of the final order. The notice of appeal must be filed in this court and not in the court of appeal. Your notice must clearly state that you are appealing, what it is you are appealing from, whether you are appealing from the entire order or just part of it. The notice of appeal must be signed by you or your attorney.

"If you appeal and do not have the money to hire a lawyer, the appellate court will appoint a lawyer to represent you on appeal. It is your obligation to keep the appellate court advised of your current mailing address. They then will be in touch with you to see whether you have a right to a free lawyer after you have filed the notice of appeal."