958 F.2d 378
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mark Lemel BROWN, Defendant-Appellant.
 No. 90-50227.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 12, 1991.
Submission Vacated Aug. 16, 1991.
Resubmitted Aug. 26, 1991.
Submission Vacated Sept. 26, 1991.
Resubmitted March 24, 1992.
Decided March 27, 1992.
 
 Before WILLIAM B. NORRIS and DAVID R. THOMPSON, Circuit Judges, and KING, District Judge*.
 MEMORANDUM**
 Brown appeals from his conviction and sentence for distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1). We reject all of Brown's arguments, except for his claim that the district court should not have imposed a mandatory minimum sentence based on his state drug conviction. With respect to that claim, we enter a limited remand to the district court to conduct factfinding that may make it unnecessary to decide the equal protection question Brown raises.
 * Brown's principal defense at trial focused on the credibility of a DEA informant. In particular, Brown attempted to cast the informant as a drug addict. A witness for Brown testified that she saw the informant use cocaine on several occasions and exhibit signs of drug use. DEA agents, on the other hand, testified that, based on their frequent meetings with Brown and their familiarity with indicia of drug use and addiction, the informant did not use drugs. The informant himself testified that he did not use drugs during the investigation and that prior positive tests for drug use were caused by use of an inhaler.
 II
 Brown first argues that the district court erred by not dismissing the indictment based on the prosecution's conduct before the grand jury. Brown contends that a DEA agent, when asked if there was evidence indicating Brown's innocence, should have alerted the grand jury to severe credibility problems with the informant based on payments from the DEA, his prior convictions and past drug use. Brown argues that the failure to disclose all of the information bearing upon the informant's credibility is prosecutorial misconduct that requires us to dismiss the indictment.
 We agree with the district court's conclusion that the prosecution did not engage in such severe misconduct that the indictment must be dismissed. In United States v. Samango, 607 F.2d 877 (9th Cir.1979), on which Brown relies, we upheld the district court's dismissal of an indictment for prosecutorial misconduct not merely because the prosecutor did not disclose an informant's "history of extensive drug abuse," id. at 881, but also because the prosecutor met with the foreperson off the record and read misleading excerpts of transcripts to the grand jury, id. at 882-84.
 III
 Brown next argues his indictment was the product of impermissible selective prosecution against him based on his race, black, and his alleged association, as a gang member. Brown argues that black offenders are being singled out from a much larger multi-racial pool of offenders because they are black. To establish impermissible selective prosecution, a defendant must show that others similarly situated have not been prosecuted and that the prosecution is based on an impermissible motive. United States v. Wayte, 710 F.2d 1385, 1387 (9th Cir.1983), aff'd, 470 U.S. 598 (1985).
 We agree with the district court that Brown did not carry this burden. Brown's challenge fails the first step because there is no evidence that persons similarly situated have not been charged. Brown has only offered journalistic reports quoting unidentified officials. See Appellant's Opening Brief at 21. ("Local law enforcement heads acknowledge that white offenders constitute the 'major market' but have been 'ignored.' "). Brown's challenge fails the second step because he has not offered evidence of an impermissible motive. Brown did not proffer evidence to bolster his claims with respect to particular prosecutions, but has only indicated general suspicion and accusations. See, e.g., id. at 20 (referring to Department of Justice manual allegedly "focusing almost exclusively on black groups").
 
 IV
 
 1
 Brown also argues the district court committed reversible error in denying a request to have the court review a DEA file in camera. On direct, a DEA informant denied any drug use in the prior six years. The defense, made aware of more recent use by a probation file, asked for evidence that the DEA knew the informant's initial testimony was false. The district court accepted the prosecutor's statement that there was no such evidence in the DEA's files and declined to review the files itself in camera. Brown claims that the denial of this in camera review interfered with his ability to impeach the credibility of DEA agents by showing they allowed the use of perjured testimony.
 
 
 2
 Our independent review of the DEA file satisfies us that Brown was not prejudiced by the denial of in camera review by the district court. The only conceivably relevant information in the file is the presence of a rap sheet that indicates the confidential informant violated parole. Conceivably, armed with this information, Brown might have argued that a parole violation, in combination with the informant's prior drug convictions, must have led the DEA agent to conclude that the informant's parole was violated for drug use. Brown might then have further argued that, if the DEA agent did reach this conclusion, then he would have been allowing perjured testimony when he did not ask the government to object to the informant's testimony that he had not used drugs. Ultimately, however, we find this argument too attenuated to justify reversing the conviction.
 
 V
 
 3
 Brown next argues that the district court erred by declining to allow expert testimony on cocaine addiction. Brown proffered psychiatric testimony on indicia of drug addiction and behaviors of drug addicts to establish that the informant was an addict who might have implicated Brown to support his habit.
 
 
 4
 The district court's rejection of such testimony was not manifestly erroneous. United States v. Castro, 887 F.2d 988, 1000 (9th Cir.1989). Since the psychiatrist had not examined the informant, he could only have spoken of drug use and addictive behavior in generalities. Such testimony would not have been "appreciable help" in clarifying the conflicting testimony on the informant's drug use or in supporting the elementary proposition that addicts might lie to support their habits. See Fed.R.Evid. 702, United States v. Gwaltney, 790 F.2d 1378, 1381 (9th Cir.1986), cert. denied, 479 U.S. 1104 (1987).
 
 VI
 
 5
 Brown also appeals the district court's denial of an addict-informer jury instruction. The district court did not abuse its discretion in denying the instruction. United States v. Ochoa-Sanchez, 676 F.2d 1283, 1289 (9th Cir.), cert. denied, 459 U.S. 911 (1982).[1] The conflicting evidence on the informant's addiction justified some hesitation in giving an instruction that might have indicated the court found one side more credible. Furthermore, Brown had other opportunities to highlight problems with the informant's testimony and argue that it should have been discounted. The court allowed extensive cross-examination of the informant's drug use, making a specific addict-informer instruction less important. See Ochoa-Sanchez, 676 F.2d at 1289; Cook, 608 F.2d at 1182. Similarly, the court's general cautionary instructions to consider each witness's intelligence, motive and state of mind further reduced any need for more specific cautionary instructions. See United States v. De Luca, 692 F.2d 1277, 1286 (9th Cir.1982); Cook, 608 F.2d at 1182. Finally, we note that, in denying the request for a specific instruction on addict-informers, the district court said Brown could argue the essence of the instruction to the jury.
 
 
 6
 Brown misplaces reliance on cases dealing with a court's duty to give instructions on legal defenses for which a defendant has presented evidence. See United States v. Freeman, 761 F.2d 549 (9th Cir.1985) (denial of First Amendment defense instruction to charge of counseling tax evasion and aiding and abetting tax evasion), cert. denied, 476 U.S. 1120 (1986); United States v. Escobar de Bright, 742 F.2d 1196, 1198 (9th Cir.1984) (denial of instruction in drug conspiracy case that no conspiracy if only conspired with government agent). Brown's requested instruction would not have stated the law regarding a legal defense, but instead would have added the court's voice to Brown's argument that the evidence should be interpreted to establish that the informer was an addict whose testimony should have been discredited.
 
 VII
 
 7
 Brown's argument that the greater mandatory punishment for selling cocaine in crack form rather than powder form has no rational basis has already been rejected by this court. In United States v. Malone, 886 F.2d 1162, 1166 (9th Cir.1989), this court upheld the constitutionality of the distinction between crack and other cocaine as a "rational" product of Congress' "market-oriented" approach to sentencing. The Supreme Court has recently emphasized that punishment imposed after a constitutionally valid trial is constitutional unless it is cruel and unusual or based on an "arbitrary distinction." Chapman v. United States, 111 S.Ct. 1919, 1927 (1991). Brown's rehearsal of the constitutional challenge rejected in Malone, therefore, does no better styled as an equal protection challenge because the Court has stated that, in sentencing challenges, an argument based on equal protection essentially duplicates an argument based on due process. Id.
 
 VIII
 
 8
 Brown also argues that he cannot be sentenced for possession of more than 50 grams of cocaine base because the jury did not find the weight. The weight of illegal drugs, however, is a sentencing factor to be found by the court. See United States v. Nakagawa, 924 F.2d 800, 803 (9th Cir.1991).
 
 IX
 
 9
 We find no merit in Brown's claim that the district court erred by enhancing his sentence based on a prior conviction in California court[2] because the prior conviction is unconstitutional. Brown argues that the prior conviction was not based on a knowing and intelligent guilty plea. Our review of the state court plea colloquy satisfies us that Brown knowingly and understandingly waived his trial rights. See Rodriguez v. Ricketts, 798 F.2d 1250, 1254 (9th Cir.1986) (a defendant's state court guilty plea is valid whenever "the record indicates that the plea was entered voluntarily and understandingly."), cert. denied, 479 U.S. 1057 (1987).
 
 X
 
 10
 Brown also claims that enhancement based on his prior state conviction violates 21 U.S.C. § 851(a)(2), which provides: "An information may not be filed under this section if the increased punishment which may be imposed is imprisonment for a term in excess of three years unless the person either waived or was afforded prosecution by indictment for the offense for which such increased punishment may be imposed." Brown argues that this means that the requirement of indictment, or waiver of the right to indictment, refers to the prior state conviction. This argument fails because we have already interpreted the indictment requirement of § 851 to apply only to the present federal crime and not to prior crimes used to enhance the sentence. See United States v. Espinosa, 827 F.2d 604, 617 (9th Cir.1987), cert. denied, 485 U.S. 968 (1988).
 
 XI
 
 11
 Finally, Brown argues that the district court should not have imposed a mandatory minimum sentence based on the California conviction because the application of equal protection prevents the conviction from being final.
 
 
 12
 Brown entered a guilty plea after the California court denied a suppression motion. Under California law, every defendant who pleads guilty may appeal an order denying a suppression motion.[3] California Rule of Court 250, however, requires courts to advise defendants of their right to appeal only if they plead not guilty.[4] The question presented is whether Brown's conviction is not final because provisions for notifying Brown of his right to appeal violate equal protection.
 
 
 13
 Brown's California conviction was based upon a guilty plea, which he entered after the court denied his suppression motion. Under California law, a defendant who pleads guilty may appeal an order denying a suppression motion.[5] California Rule of Court 250, however, requires courts to advise defendants of their right to appeal only if they plead not guilty.[6] The district court found that Brown was not advised of his right to appeal. Excerpts of Record at 36.
 
 
 14
 Brown argues that equal protection requires that Rule 250 also apply to defendants pleading guilty, in which case he would still have a right to appeal that would render his conviction non-final within the meaning of Section 841(b)(1)(A). Under California law, if a defendant is not aware of his right to appeal, then he may file a late appeal if he does so with appropriate diligence after learning of it. See People v. Bailey, 1 Cal.3d 180, 186 (1969); Castro v. Superior Court, 40 Cal.App.3d 614, 621-22 (Cal.Ct.App.1974); In Re Arthur N, 36 Cal.App.3d 935, 940-41 (Cal.Ct.App.1974). Failure to comply with Rule 250, moreover, puts the burden of disproving a defendant's ignorance of his right to appeal on the state. Castro, 40 Cal.App.3d at 621. Thus, if Brown were correct that equal protection required the state court to advise him of his appeal rights, then he might still have a right to file a late appeal.
 
 
 15
 Although Brown's constitutional argument is substantial,[7] we do not decide it today, but instead remand for findings of whether Brown raised the suppression issue at the California superior court level so that the issue was preserved for review on appeal. See People v. Lilienthal, 150 Cal.Rptr. 910, 912 (1978); People v. Mirandan, 241 Cal.Rptr. 594, 607-08 (1987), cert. denied, 486 U.S. 1038 (1988); People v. Remington, 266 Cal.Rptr. 183, 187 (Cal.Ct.App.1990). If he did, then the district court should make findings of when Brown became aware of his right to appeal, whether he knew of his right to file a late appeal, whether he attempted to file a late appeal, and if not, why he did not attempt to file a late appeal. Such findings would make a constitutional decision unnecessary[8] if they establish that Brown knowingly waived his right to appeal, see In re Anderson, 6 Cal.3d 288, 294 (1971) (any delay in filing appeal after learning of right to appeal must be explained in order to prevent application of waiver); People v. Rodriquez, 92 Cal.Rptr. 673, 677 (1971) (no right to file late appeal under California law where evidence showed defendant knew of right and chose not to appeal); Castro, 40 Cal.App.3d at 621-22; In Re Arthur N, 36 Cal.App.3d at 940-41. See United States v. Niven, 952 F.2d 289, 292 (9th Cir.1991) (no constitutional violation if a defendant tried without counsel voluntarily waived his right to counsel).
 
 XII
 
 16
 The judgment of conviction is AFFIRMED. On the sentencing question, the panel retains jurisdiction, and this cause is REMANDED to the district court for the limited purpose of conducting factfinding consistent with this disposition. The district court is requested to make its determination within thirty days of this disposition and provide this court with its findings.
 
 
 
 *
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 To the extent that Brown's reliance on cases from other circuits that have expressed greater approval for addict-informer instructions invites us to adopt a new rule in this case, we decline the invitation. Compare United States v. Cook, 608 F.2d 1175, 1182 (9th Cir.1979) (emphasizing that such instructions not yet required by Ninth Circuit), cert. denied, 444 U.S. 1034 (1980) with, e.g., Virgin Islands v. Hendricks, 476 F.2d 776 (3rd Cir.1973)
 
 
 [2]
 See 21 U.S.C. § 841(b)(1)(A) (mandatory minimum twenty year sentence if person is sentenced after prior felony drug conviction has become final)
 
 
 [3]
 Cal.Penal Code § 1538.5(m) provides, in pertinent part, "A defendant may seek further review of the validity of a search or seizure on appeal from a conviction in a criminal case notwithstanding the fact that such judgment of conviction is predicated upon a plea of guilty. Such review on appeal may be obtained by the defendant providing that at some stage of the proceedings prior to conviction he or she has moved for ... the suppression of the evidence." Compare Fed.R.Crim.P. 11(a)(2) (a defendant pleading guilty may only preserve a right to appeal a pretrial motion if he obtains "the approval of the court and the consent of the government.")
 
 
 [4]
 After imposing sentence or making an order deemed to be a final judgment in a criminal case upon conviction after trial, or after imposing sentence following a revocation of probation, except where the revocation is after the defendant's admission of violation of probation, the court shall advise the defendant of his right to appeal, of the necessary steps and time for taking an appeal and of the right of an indigent defendant to have counsel appointed by the reviewing court. A reporter's transcript of the proceedings required by this rule shall be forthwith prepared and certified by the reporter and filed with the clerk
 California Rule of Court 250.
 
 
 [5]
 Cal.Penal Code § 1538.5(m) provides, in pertinent part, "A defendant may seek further review of the validity of a search or seizure on appeal from a conviction in a criminal case notwithstanding the fact that such judgment of conviction is predicated upon a plea of guilty. Such review on appeal may be obtained by the defendant providing that at some stage of the proceedings prior to conviction he or she has moved for ... the suppression of the evidence." Compare Fed.R.Crim.P. 11(a)(2) (a defendant pleading guilty may only preserve a right to appeal a pretrial motion if he obtains "the approval of the court and the consent of the government.")
 
 
 [6]
 After imposing sentence or making an order deemed to be a final judgment in a criminal case upon conviction after trial, or after imposing sentence following a revocation of probation, except where the revocation is after the defendant's admission of violation of probation, the court shall advise the defendant of his right to appeal, of the necessary steps and time for taking an appeal and of the right of an indigent defendant to have counsel appointed by the reviewing court. A reporter's transcript of the proceedings required by this rule shall be forthwith prepared and certified by the reporter and filed with the clerk
 California Rule of Court 250.
 
 
 [7]
 The United States Supreme Court has held that states need not provide avenues of appellate review but, "it is now fundamental that, once established, these avenues must be kept free of unreasoned distinctions that can only impede open and equal access to the courts." Rinaldi v. Yeager, 384 U.S. 305, 310 (1966) (citations omitted)
 
 
 [8]
 We follow a rule of strict necessity in reaching constitutional questions. See, e.g., Dhangu v. INS 812 F2d 455, 460 (9th Cir.1987)