Filed 7/22/14  P. v. Cruz CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Glenn)

----

| | |
|---|---|
| THE PEOPLE, | C073253 |
| Plaintiff and Appellant, | (Super. Ct. No. 12NCR09205) |
| v. | |
| BERNABE TRENADO CRUZ, | |
| Defendant and Respondent. | |

The People appeal from the trial court's reduction of defendant's felony conviction to a misdemeanor following his successful completion of Proposition 36 probation.  Defendant Bernabe Trenado Cruz concedes the trial court erred in reducing the felony conviction, but argues the People's appeal is moot.  Under the guise of arguing mootness, he argues--in his reply brief--that his conviction should be reversed due to a subsequent change in the law.  As we explain, we shall vacate the trial court's order reducing his crime of conviction to a misdemeanor, but decline to entertain his argument for reversal.

1

## BACKGROUND

On August 1, 2012, following a bench trial on stipulated facts, the trial court found defendant guilty of transportation of hydrocodone, a felony. (Health & Saf. Code, § 11352, subd. (a).) On August 8, 2012, the court suspended imposition of sentence and placed defendant on Proposition 36 probation. Defendant did not appeal from his conviction.

On January 9, 2013, having completed the terms and conditions of his probation, defendant moved the trial court to reinstate and dismiss the charge. The trial court orally found defendant had completed his Proposition 36 obligations, instructing him to "make sure that [defense counsel] gets that order done for you," and that the court would "sign it as soon as I receive it." Defense counsel subsequently prepared an order reinstating and dismissing the charge pursuant to Penal Code section 1210.1, subdivision (d)(1).[1] The proposed order also purported to reduce the (felony) offense of conviction to a misdemeanor pursuant to section 17, subdivision (b). The trial court signed the order on January 22, 2013.

The People appeal from the order reducing defendant's offense to a misdemeanor, contending the trial court lacked jurisdiction to reduce this particular felony charge as it was not a "wobbler," that is, a crime punishable *either* as a misdemeanor or a felony. Defendant agrees with the People's contention, conceding the trial court erred in signing the order his counsel prepared and submitted.

He then argues, however, that the People's appeal is moot, because the conduct of which he was convicted no longer constitutes transportation of methamphetamine, due to recent amendments to Health and Safety Code section 11352. He proceeds to argue for reversal of his 2012 conviction. As we explain *post*, he failed to appeal his conviction and cannot now bootstrap his argument for reversal to his argument for mootness in the absence of a proper appeal or cross-appeal. We shall vacate the order reducing

---

[1] Further undesignated statutory references are to the Penal Code.

defendant's conviction to a misdemeanor and remand with directions to enter a corrected order and submit a new report of the disposition to the Department of Justice.

## DISCUSSION

### I

### *Reduction to a Misdemeanor*

The People contend that the trial court lacked authority to reduce defendant's conviction for transportation of methamphetamine from a felony to a misdemeanor pursuant to section 17, subdivision (b)(3). Defendant agrees, as do we.

Section 17, subdivision (b) permits a trial court to declare a designated felony offense to be a misdemeanor where the offense is punishable *either* as a felony *or* as a misdemeanor, that is, by up to one year of imprisonment in the county jail (outside of the application of section 1170, subdivision (d)). In order to qualify for reduction to a misdemeanor, the offense in question must be a "wobbler"--a crime punishable either as a misdemeanor or felony. "Straight" felonies, which are crimes punishable only as felonies, cannot be declared misdemeanors pursuant to section 17. (See *People v. Prothero* (1997) 57 Cal.App.4th 126, 134.) Defendant's crime of conviction, transportation of a controlled substance, is a straight felony, punishable by three, four, or five years of incarceration. (Health and Saf. Code, § 11352, subd. (a).) Thus the trial court lacked jurisdiction to reduce it to a misdemeanor. We must vacate the order purporting to do so.

### II

### *Mootness*

Defendant argues the People's contention of error, although correct, is moot. He argues that his current conviction cannot stand, regardless of whether it takes the form of a felony or misdemeanor. His argument is based on the fact that the Legislature recently amended Health and Safety Code section 11352, providing that the crime of transportation of a controlled substance no longer includes transportation for personal

3

use.  (Stats. 2013, ch. 504, § 1.)  Claiming that the stipulated evidence at his bench trial proved that the oxycodone was transported for personal use, defendant asserts he is entitled to a retroactive application of the amended law.  He concludes that his conviction should be reversed for insufficient evidence, and his crime cannot be reduced to possession of methamphetamine (Health & Saf. Code, § 11350), as possession is not an element of transportation of a controlled substance.

Defendant's contentions are based on the rule that "absent a saving clause, a criminal defendant is entitled to the benefit of a change in the law during the pendency of his appeal."  (*People v. Babylon* (1985) 39 Cal.3d 719, 722.)

Defendant's 2012 conviction is not, however, "on appeal."  The fact that the People have appealed the trial court's *2013 order* does not "open season" on defendant's *2012 conviction*, which was appealable at the time his order of probation was entered and 60 days thereafter.

A notice of appeal must be filed within 60 days after the rendition of the judgment or the making of the order being appealed.  (Cal. Rules of Court, rule 8.308(a); *People v. Ramirez* (2008) 159 Cal.App.4th 1412, 1420-1421.)  The timely filing of the notice of appeal is, as a general matter, essential to appellate jurisdiction.  (*People v. Mendez* (1999) 19 Cal.4th 1084, 1094.)  If the notice of appeal is not timely filed, the appeal will be dismissed on jurisdictional grounds without reaching the merits.  (*In re Chavez* (2003) 30 Cal.4th 643, 650.)  "Unless the notice is actually or constructively filed within the relevant period, the appellate court *has no jurisdiction* to determine the merits of the appeal and must dismiss the appeal.  [Citations.]"  (*In re Gary R.* (1976) 56 Cal.App.3d 850, 853.)

Under section 1237, subdivision (a), a defendant may appeal from "a final judgment of conviction," and the statute specifies that "an order granting probation . . . shall be deemed to be a final judgment within the meaning of this section."  An order granting probation is appealable even though imposition of sentence is otherwise

4

suspended.  (*People v. Cook* (1975) 13 Cal.3d 663, 666, fn. 1, disapproved on other grounds in *People v. Doolin* (2009) 45 Cal.4th 390, 421, fn. 22.)  An appeal from an order granting probation may attack the conviction upon which the order granting probation is based.  (See, e.g., *Cook,* at pp. 666-667 [permitting defendant to attack conviction based on trial counsel's conflict of interest]; *People v. Hamilton* (1978) 80 Cal.App.3d 124, 127, fn. 1, 134-135 [probation with imposition of sentence suspended, order granting probation reversed for instructional error at trial].)  "In general, an appealable order that is not appealed becomes final and binding and may not subsequently be attacked on an appeal from a later appealable order or judgment. [Citations.]"  (*People v. Ramirez, supra*, 159 Cal.App.4th at p. 1421.)

The trial court placed defendant on Proposition 36 probation on August 8, 2012; defendant did not appeal from that order.  Many more than 60 days have passed since the order was entered.  Defendant cannot now argue that his conviction was improper under the guise of arguing mootness.  Further, the instant appeal--the People's appeal from the January 2013 order--was filed outside the same 60-day window; thus the filing of this appeal did not give defendant the right to challenge his conviction in a cross appeal from the order granting probation.  Simply put, defendant is out of time to argue on direct appeal that he did not transport methamphetamine as charged, found, and sentenced, despite the possible effect of any subsequent change in the law on his conviction.

## DISPOSITION

The order reducing defendant's conviction for transportation of a controlled substance to a misdemeanor is vacated. The trial court is directed to enter a corrected order omitting the vacated portion and submit a certified copy thereof to the Department of Justice.

                                                    _____DUARTE_____, J.

We concur:

_____NICHOLSON\_\_\_\_\_, Acting P. J.

_____MURRAY_____, J.