[No. C000590. Third Dist. Sept. 29, 1987.]

In re TRACY Z. et al., Persons Coming Under the Juvenile Court Law.
SACRAMENTO COUNTY WELFARE DEPARTMENT, Plaintiff and Respondent, v.
LAWRENCE Z., Defendant and Appellant.

**COUNSEL**

Steven B. Solomon, under appointment by the Court of Appeal, for Defendant and Appellant.

L. B. Elam, County Counsel, and Kathryn A. Shurtleff, Deputy County Counsel, for Plaintiff and Respondent.

## OPINION

**PUGLIA, P. J.**—After a contested jurisdictional hearing the Sacramento Superior Court, sitting as a juvenile court, sustained petitions alleging the minors Tracy Z., Nicole Z. and Tammy Z. are dependent children within the meaning of Welfare and Institutions Code section 300, subdivisions (a) and (d). (Hereinafter all references to sections of an unspecified code are to the Welfare and Institutions Code.) The petitions alleged and the court found that the minors' father, Larry Z., committed lewd and lascivious acts upon Nicole, Tracy and Amber P., a neighbor child, and that their mother failed to protect the children from the molestations of their father. The court also found the minors' parents were now residents of Yolo County and transferred the case to that jurisdiction for dispositional proceedings. (§ 375.)

A dispositional hearing was conducted in Yolo Superior Court, sitting as a juvenile court, and the minors were declared dependent children and removed from the custody of their parents. The father appeals. We shall affirm.

At the time of the proceedings below Tracy was six, Nicole was four and Tammy was two years old.

In June 1985, the minors' parents called the Sacramento County Sheriff's office about suspected sexual molestations of their three daughters by a neighbor. The minors were medically examined. The examining physician testified they each had suffered vaginal injuries consistent with adult penile and digital penetration, with a more pronounced history of injury to Tracy. The doctor testified he attempted to get a history from the mother, but she was anxious and sporadic in what she related. She stated the minors had been molested by an unspecified neighbor and intermittently by someone who hid in the closet and came out at night to molest the girls. She further indicated both the neighbor and the person in the closet were giving drugs to the girls and brainwashing them.

The charges against the neighbor were investigated and determined to be unfounded. The neighbors' four-year-old daughter, Amber P., however, told the investigators the minors' father had taken nude photographs of her and molested her by digitally penetrating her vagina. A medical examination disclosed physical findings consistent with Amber's claims of molestation.

On July 10, 1985, the investigating officers executed a search warrant at the minors' home. After being admitted by the mother, they noticed Nicole

sleeping on a couch. Below the couch on the floor was a double-sized mattress on which Tammy and her father were sleeping. Tammy was nude, holding onto her father. The mother, explaining the sleeping arrangements, stated Tammy was in bed with her parents because she had wet her own bed. The mother stated the family was sleeping downstairs because she wanted to protect the minors. When asked if she was afraid of what her husband was doing to the girls, she looked down and started to cry, giving no other response. The minors were placed in protective custody.

When initially interviewed, Tracy stated she had been molested by Amber's parents and a five-year old boy. In a subsequent interview, she said her father molested her. She stated she did not tell the truth earlier because her father told her not to tell anyone. She indicated she did not need to tell her mother because her mother knew about the molestations. On one occasion, her mother walked into a bedroom while Tracy was being molested by her father and merely told him to stop it. During the jurisdictional hearing, Tracy testified her father did not molest her and she previously said he did because she wanted to go home.

In her initial interview, Nicole also stated she had been molested but blamed Amber's parents. She later admitted that was a lie and that her father had molested her. She said when she told her mother about being molested by her father, her mother denied it was true. At the jurisdictional hearing, Nicole testified her father molested her.

At the conclusion of the jurisdictional hearing, the Sacramento court on March 20, 1986, made orders finding the minors came within section 300 because they were in need of parental care and control and had no parent or guardian actually exercising or willing to exercise care and control (subd. (a)), and their home was "an unfit place for [them] by reason of neglect, cruelty, depravity, or physical abuse of either of [their] parents. . . ." (Subd. (d).)

At the conclusion of the dispositional hearing, the Yolo Court, on April 14, 1986, entered orders adjudging the minors dependent children and removing them from the custody of their parents. (§ 361, subd. (b)(4).) On April 15, 1986, the father, in pro. per., filed in Yolo County Superior Court notices of appeal in each case ". . . from the Jurisdictional findings and decision of the Superior Court - Juvenile Division . . . which were entered March 20, 1986."

The father argues this appeal should be construed as an appeal from the jurisdictional and dispositional adjudications. The respondent Sacramento County Welfare Department counters that the appeal should be construed

as one from "the jurisdictional hearing" only. To review the dispositional order on this appeal, respondent argues, would ". . . violate Respondent's due process rights as well as the due process rights of the Yolo County Welfare Department."

■    While it is true a notice of appeal is to be liberally construed in favor of its sufficiency (Cal. Rules of Court, rule 1(a); 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 371, p. 373), a notice specifying a certain part of the judgment brings up only that part of the judgment. (9 Witkin, *op. cit. supra,* § 372, p. 374.) The father's notices specifically refer to the jurisdictional findings and decisions only and accurately recite the date on which they were rendered. The record on appeal, prepared by the Sacramento County Clerk, consists of a normal record (Cal. Rules of Court, rule 39(c)) except that the reporter's·transcript of the disposition hearing in the Yolo juvenile court is not included (rule 39(c)(2)). Appellant has not sought to augment the record with this transcript nor to compel its preparation and certification as part of the normal record in this appeal.

■    A jurisdictional order is only a finding. (§ 356.) The dispositional order is the judgment. (§ 360.) Only the judgment is appealable. (§ 395; Cal. Rules of Court, rule 1396(b); *In re Melvin S.* (1976) 59 Cal.App.3d 898, 900 [130 Cal.Rptr. 844]; 2 Cal. Juvenile Court Practice, (Cont.Ed.Bar 1981) § 22.40, p. 213; 27 Cal.Jur.3d, § 218, p. 724.)[1] On appeal from the judgment, the jurisdictional findings can be reviewed. (*In re Melvin S., supra; In re Gregory M.* (1977) 68 Cal.App.3d 1085, 1089-1090 [137 Cal.Rptr. 756]; *In re Kelvin M.* (1978) 77 Cal.App.3d 396, 399 [143 Cal.Rptr. 561].) The notices on their face purport to be from nonappealable orders. However, we shall construe them liberally in favor of their sufficiency as properly noticing appeals from the judgment incorporating the jurisdictional findings and dispositional orders. (Cal. Rules of Court, rule 1(a); 9 Witkin, Cal. Procedure, *op. cit. supra,* Appeal, § 375.)

■    Appellant contends the jurisdictional findings of the Sacramento court are not supported by substantial evidence. ■    To sustain a jurisdictional finding, the juvenile court must find by a preponderance of the evidence that the minors come within at least one of the subdivisions of section 300. (*In re Cheryl H.* (1984) 153 Cal.App.3d 1098, 1112-11.13 [200

---

[1] *In re Mary B.* (1971) 20 Cal.App.3d 816 [98 Cal.Rptr. 178] is a decision of this court in which appeal was noticed from a jurisdictional order of the juvenile court in Butte County declaring the minor came within section 602. The minor and her parents resided in Tehama County and the Butte County court transferred the case there for purposes of the dispositional hearing. In holding the notice of appeal was timely, this court assumed the jurisdictional finding was an appealable order (at p. 819). To the extent *In re Mary B., supra,* is inconsistent with the present decision, it is overruled.

Cal.Rptr. 789].) ■  On appeal, we presume in favor of the judgment, considering the evidence in the light most favorable to respondent, giving respondent the benefit of every reasonable inference and resolving all conflicts in support of the judgment. (9 Witkin, *op. cit. supra,* § 278, p. 289.) If there is any substantial evidence, contradicted or uncontradicted, which will support the judgment, we must affirm. This is so even if the judgment is supported by incompetent or otherwise inadmissible evidence admitted without objection. (9 Witkin, *op. cit. supra,* §§ 278, 281, pp. 289, 293.)

■  Ample evidence exists to support the jurisdictional findings of the juvenile court that the minors came within section 300 in that their home is unfit due to sexual abuse by their father from which the mother failed to protect them. Medical examinations disclosed the three minors, as well as the minor neighbor, had been sexually abused. The mother responded with tears when asked if she was afraid of what her husband was doing to her daughters. Tracy told the investigating officer her father digitally penetrated her and her mother was aware of the molestations because, on at least one occasion, the mother saw Tracy being molested by the father. Tracy further admitted her previous denial of any wrongdoing by her father was a lie. Nicole told the investigating officer, and testified at the hearing, she had been molested by her father and when she told her mother about it, her mother denied the truth of the allegations. She too admitted her previous denial was a lie. Amber P. testified she was molested by Larry Z., which molestation included digital penetration and being photographed nude.

The father attempts to negate the impact of this evidence by relying upon the inconsistencies in the minors' stories and arguing the investigating officer's testimony amounted to inadmissible hearsay. He failed to object to the hearsay, however, and is now precluded from predicating error on its admission. (9 Witkin, *op. cit., supra,* §§ 281, 307, pp, 293, 317.) Moreover, his arguments go to credibility determinations and weighing of the evidence, functions reserved to the juvenile court. (See 9 Witkin, *op. cit. supra,* § 281, pp. 292-293.)

■  In his reply brief, appellant contends the dispositional orders must be reversed because the record fails to show the court considered less drastic alternatives than removal of the children from the home. It appears from the minutes of the disposition proceeding that before ruling the court read and considered the social studies prepared by the Yolo County Director of Social Services and received them in evidence. It further appears that no testimony or other evidence was received. The social studies recited essentially the same evidence, discussed above, which had been received at the jurisdiction hearing. Additionally, the social studies informed the court that the parents continued to dispute the allegations which the Sacramento court

had sustained and, during the 10 months since the proceedings were commenced, had not been involved in any counseling or treatment programs. Given the nature of the proven abuse to which the minors had been subjected while in the custody of their still unrepentant parents, the court had no alternative but to remove them from the home.

The judgments of the juvenile court are affirmed.

Evans, J., and Harvey, J.,* concurred.

---

* Assigned by the Chairperson of the Judicial Council.