Filed 5/7/13  In re M.L. CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION EIGHT

| | |
|---|---|
| In re M.L. et al., Persons Coming Under the Juvenile Court Law. | B244016 (Los Angeles County Super. Ct. No. CK94052) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>J.A.,<br><br>        Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Philip Soto, Judge.  Affirmed.

Lori Siegel, under appointment by the Court of Appeal, for Defendant and Appellant.

John F. Krattli, County Counsel, James M. Owens, Assistant County Counsel, Stephen D. Watson, Senior Associate County Counsel, for Plaintiff and Respondent.

* * * * * *

Mother J.A. appeals from the juvenile court's jurisdictional order adjudging her two young dependents of the court, and the disposition order removing the children, G.L. and M.L., from her custody and ordering monitored visits, participation in a drug rehabilitation program with weekly random drug testing, and completion of a parenting course. Mother contends that substantial evidence did not support the court's jurisdictional findings regarding her drug abuse. Mother contends there was no credible, present evidence supporting the juvenile court's finding under Welfare and Institutions Code section 300, subdivision (b) that she used drugs or endangered her children, and accordingly, we should reverse the court's jurisdictional order.

This argument is unavailing. The court declared the children to be dependents based on the conduct of both mother and the children's father, who pled "no contest" to the allegations of abuse and admitted being a current user of methamphetamine, and caring for the children while under the influence. Father has not appealed dependency jurisdiction. Thus, mother's jurisdictional challenge is nonjusticiable. This is not an exceptional case that warrants our discretionary review of the facts to determine whether substantial evidence supports jurisdiction on the basis of mother's own conduct. However, in deciding mother's challenge to the dispositional orders, we determine substantial evidence supports them, and the same evidence supports jurisdiction. The juvenile court's dispositional orders are reasonable under the circumstances, and mother is entitled to no relief.

## BACKGROUND

The Los Angeles County Department of Children and Family Services received a referral in May 2012 that the children, ages one and two years, were generally neglected and emotionally abused based on mother's and father's drug use and unstable housing. The family drifted from shelters to motels. The paternal grandmother and paternal aunt had previously let the family live with them in their homes, but both paternal relatives had to ask the family to leave because of father's temper, anger and aggression toward mother. The parents constantly traumatized the children by arguing and fighting in their presence.

The family law court had awarded full custody of the children to father, but mother generally stayed with father and the children. Paternal grandmother told the social worker that father and mother used drugs. She reported that father had used drugs since he was very young, and though he had attended a program and temporarily changed his life, he went back to abusing drugs. According to paternal grandmother, father and mother were "birds of the same feather," who were inseparable yet yelled and fought in the presence of the children. Paternal grandmother reported that the parents seldom worked and drugs had made them "weak and indolent." Father's vocational counselor told the social worker that father was involved in a street gang, had dealt and used drugs, and had been arrested several times. Father had attended drug programs but never rehabilitated.

Father tested positive for methamphetamine on May 30, 2012. Mother denied using drugs, but whenever the Department asked her to take a drug test, she had one reason or another why she was unable to make the test date.

Mother has five older children, with four different fathers (not the father in this case). Her other children were born in 1994, 1995, 1997, 2001, and 2005. These children lived with their fathers, or with a maternal relative, and one was in a probation camp. Mother denied a court had ordered she was not to have custody of these children and said she had "made arrangements" for the children to live with their fathers. When asked if she visited her older children, mother said yes, but when asked for contact information, she said she did not know how to "get a hold of them."

The Department had received 13 referrals between 1997 and 2012 related to mother. Referrals in 1997, 2003 and 2012 alleged she used drugs but were closed as "unfounded." Referrals in 1997, 1998, 2010 and 2012 alleged mother was physically abusing her children but were also closed as "unfounded" or "inconclusive." The Department did not report how a 2010 physical and emotional abuse allegation was resolved.

Both parents had extensive criminal histories. Father's criminal record from 1999 to 2011 included arrests and convictions for possession of a controlled substance for sale,

3

use/under the influence of a controlled substance, burglary, grand theft auto, spousal abuse, threatening crime with intent to terrorize, petty theft, receiving stolen property, carrying a loaded firearm in public, and other crimes. Mother's criminal record from 1997 to 2010 included arrests and convictions for theft, driving with a suspended license, promoting a street gang, and attempting to dissuade a witness from testifying.

Paternal grandmother reported mother had been using drugs two to three months before the children were detained. Paternal grandmother believed mother used methamphetamine, because she displayed a "bad attitude," lost a lot of weight, and her skin changed, which paternal grandmother recognized as symptomatic of drug abuse because father had exhibited the same symptoms when he was using drugs. Paternal aunt reported mother "always used drugs," particularly methamphetamine, and she had a "bad attitude" when she used drugs.

At the detention hearing, mother's counsel acknowledged she had been "unavailable" to drug test and asked the court to order weekly random or on-demand drug tests for her. Mother's attorney asked the court to order unmonitored visits with the children so long as mother tested clean. At the subsequent pretrial resolution conference, mother's counsel acknowledged she had been ordered to have weekly tests and requested that testing "resume." Mother's counsel asked the court to clarify whether mother's weekly drug testing was to continue, and the court replied, "Yes, that's part of the order."After that, mother missed four tests.

At the jurisdiction hearing, father pled "no contest" to the allegation that he had a history of substance abuse and currently used methamphetamine. The children's counsel asked the court to order mother to participate in drug testing, and to order that release of the children to her was conditioned on mother having a number of clean tests. Mother's attorney told the court that mother "would submit on the recommendation just suggested by the child's attorney." Mother's counsel said mother would submit to the jurisdiction of the court and agree to complete "a certain number of tests" to get her children back but asked the court to not sustain the allegation of mother's drug abuse.

4

The court sustained the petition allegations that both parents abused drugs, declared the children dependents, ordered family reunification services and granted monitored visits with discretion in the Department to liberalize. The court ordered mother to complete a parenting program and a drug program to be followed by weekly random and on-demand drug testing.

## DISCUSSION

In reviewing the jurisdictional findings of the juvenile court, "we look to see if substantial evidence, contradicted or uncontradicted, supports them. [Citation.] In making this determination, we draw all reasonable inferences from the evidence to support the findings and orders of the dependency court; we review the record in the light most favorable to the court's determinations; and we note that issues of fact and credibility are the province of the trial court." (*In re Heather A.* (1996) 52 Cal.App.4th 183, 193.) "We do not reweigh the evidence or exercise independent judgment, but merely determine if there are sufficient facts to support the findings of the trial court." (*In re Matthew S.* (1988) 201 Cal.App.3d 315, 321.) If supported by substantial evidence, the judgment or findings must be upheld, even though substantial evidence to the contrary may also exist and the juvenile court might have reached a different conclusion had it determined the facts and weighed credibility differently. (*In re Dakota H.* (2005) 132 Cal.App.4th 212, 228; *In re Tracy Z.* (1987) 195 Cal.App.3d 107, 113.)

Because the juvenile court's primary concern is the protection of children, a jurisdictional finding based on the conduct of one parent is sufficient regardless of the conduct of the other parent. "Once the child is found to be endangered in the manner described by one of the subdivisions of [Welfare and Institutions Code] section 300 . . . , the child comes within the court's jurisdiction, even if the child was not in the physical custody of one or both parents at the time the jurisdictional events occurred. [Citation.] For jurisdictional purposes, it is irrelevant which parent created those circumstances." (*In re I.A.* (2011) 201 Cal.App.4th 1484, 1491-1492.) "[I]t is commonly said that a jurisdictional finding involving one parent is '"good against both."'" (*Id.* at p. 1492.) As

5

a result, we may "decline to address the evidentiary support for any remaining jurisdictional findings once a single finding has been found to be supported by the evidence." (*Ibid.*; see also *In re Alexis H.* (2005) 132 Cal.App.4th 11, 16.)

Here, father did not contest or appeal the jurisdictional findings of his own abuse which, as we have just discussed, are supported by substantial evidence. Jurisdiction as to father renders mother's challenge to jurisdiction nonjusticiable. Any decision we might render on the allegations involving mother will not result in a reversal of the court's jurisdictional order because the sustained allegations against father supply jurisdiction. (*In re I.A.*, *supra*, 201 Cal.App.4th at p. 1492.) Moreover, although mother asked the court to not sustain the allegations of her drug abuse, mother nonetheless submitted to the jurisdiction of the court. We therefore decline to address mother's jurisdictional challenge. (*Id.* at p. 1495.) In any event, were we to consider the merits of mother's contentions, the facts summarized above constitute substantial evidence that supported the court's jurisdictional finding as to mother.

We turn now to mother's challenge to the dispositional orders requiring mother to participate in drug rehabilitation and parenting programs and removing the children from her custody.

A child may not be removed from a parent or guardian unless there is clear and convincing evidence of "substantial danger to the physical health, safety, protection, or physical or emotional well-being of the minor if the minor were returned home, and there are no reasonable means by which the minor's physical health can be protected without removing the minor from the minor's parent's or guardian's physical custody." (Welf. & Inst. Code, § 361, subd. (c)(1).) In determining whether a child may be safely maintained in the parent's physical custody, the court may consider the parent's past conduct and current circumstances, and the parent's response to the conditions that gave rise to juvenile court intervention. (*In re Cole C.* (2009) 174 Cal.App.4th 900, 917.) A trial court's removal order is reviewed under the substantial evidence standard of review, notwithstanding the evidentiary standard used at trial. (*In re Heather A.*, *supra*, 52 Cal.App.4th at p. 193; see also *In re E.B.* (2010) 184 Cal.App.4th 568, 578 ["The clear

6

and convincing standard was adopted to guide the trial court; it is not a standard for appellate review. [Citation.] The substantial evidence rule applies no matter what the standard of proof at trial."].)

We recognize that mother denied using drugs, and there is evidence contradicting the findings that mother abused drugs. However, we do not reweigh evidence, and there is substantial evidence in the record of mother's drug abuse. We find the factual background of mother's drug abuse and the other conduct described above constitutes substantial evidence supporting the removal order. (In addition, the record reflects that mother did not have legal custody of the children in any event; father did.)

We also find substantial evidence supports the dispositional orders that mother participate in parenting and drug rehabilitation programs. Pursuant to Welfare and Institutions Code section 362, subdivision (d), the court may make "any and all reasonable orders to the parents or guardians" to ameliorate the conditions that made the child subject to the court's jurisdiction. (*In re Basilio T.* (1992) 4 Cal.App.4th 155, 172.) This provision and others in the Welfare and Institutions Code "have been broadly interpreted to authorize a wide variety of remedial orders intended to protect the safety and well-being of dependent children . . . ." (*In re Carmen M.* (2006) 141 Cal.App.4th 478, 486, citation omitted.) "The juvenile court has broad discretion to determine what would best serve and protect the child's interest and to fashion a dispositional order in accordance with this discretion. [Citations.] The court's determination in this regard will not be reversed absent a clear abuse of discretion." (*In re Jose M.* (1988) 206 Cal.App.3d 1098, 1103-1104.)

Paternal grandmother and paternal aunt reported that mother was a drug abuser. The Department had received many referrals alleging mother's abuse and neglect of her children. In these proceedings, despite her protestations on appeal, the court ordered mother to submit to random drug testing several times before the jurisdiction and disposition hearing, yet mother never reported for testing. The Department reported many missed tests, and a missed test is widely accepted in the courts as the same as a dirty test. Substantial evidence supported the dispositional orders, and mother has not

demonstrated the court abused its discretion by removing the children and ordering her to complete a parenting and substance abuse program with random drug testing.

## DISPOSITION

The jurisdiction and disposition orders are affirmed.


GRIMES, J.

WE CONCUR:


RUBIN, Acting P. J.


FLIER, J.