Filed 8/27/13  J.K. v. Super. Ct. CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| J.K.,<br><br>Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF MERCED COUNTY,<br><br>Respondent,<br><br>MERCED COUNTY HUMAN SERVICES AGENCY,<br><br>Real Party in Interest. | F067491<br><br>(Super. Ct. No. JP000639)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

ORIGINAL PROCEEDINGS; petition for extraordinary writ review.  Brian L. McCabe, Judge.

J.K., in pro. per., for Petitioner.

No appearance for Respondent.

James N. Fincher, County Counsel, and Sheri L. Damon, Deputy County Counsel, for Real Party in Interest.

-ooOoo-

---

[*]    Before Kane, Acting P.J., Detjen, J. and Franson, J.

## INTRODUCTION

Petitioner, J.K. (mother), filed an extraordinary writ petition (Cal. Rules of Court, rule 8.452)[1] in propria persona regarding her minor children, H.K. and S.K. (collectively "the minors"). Mother seeks relief from the juvenile court's order issued at the status review hearing setting a Welfare and Institutions Code section 366.26 hearing.[2] We will deny the petition.

## FACTUAL AND PROCEDURAL BACKGROUND

A section 300 juvenile dependency petition regarding the minors was filed August 9, 2012. The next day the juvenile court conducted a detention hearing at which it found that allowing the minors to remain in the home of the parents would be contrary to their welfare and ordered that temporary placement and care of the minors be vested in the Merced County Human Services Agency (agency). At the time of this order, the minors were age 4 and age 2, respectively.

On October 3, 2012, at the jurisdiction hearing, the juvenile court found the allegations of the petition true.

On November 1, 2012, at the disposition hearing, the court made various findings, including that "there is a substantial danger to the physical health and safety, or physical or emotional well-being of the minors, or would be if the minors were returned home…, and the Court therefore makes findings pursuant to ... [section] 361[, subdivision] (c)(1) because [mother] continues to have an untreated substance abuse and mental health problem. In addition, [mother] continues to be non-compliant with the Court order[ed] drug screen." The court declared each minor to be a dependent child of the juvenile court; placed the minors in the care, custody and control of the agency; ordered the agency to provide reunification services to mother; ordered mother to enter into a "Child

---

**1** All further rule references are to the California Rules of Court.

**2** All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

2

Welfare Services Plan/Agreement" (case plan) with the agency and to "comply with all provisions thereof'"; and set a six-month status review hearing (§ 366.21, subd. (e)) for May 1, 2013.

On April 26, 2012, the agency filed a status review report (report) recommending family reunification services for the mother be terminated and a section 366.26 permanency planning hearing be set. In support of the recommendation, the social worker stated the following: Mother reviewed with social workers and signed her case plan on November 1, 2012. The case plan required, inter alia, that mother remain free of drugs and alcohol, submit to random drug testing, participate in mental health services provided by the agency, and enroll in and complete a parenting class. Mother failed to comply with the plan in the following respects:

On seven occasions between December 21, 2012, and April 20, 2013, she refused to take drug tests and/or tested positive for various substances including methamphetamine, amphetamines and marijuana.

She attended two mental health counseling sessions, most recently on September 10, 2012, but since that date she had not provided verification that she had received mental health services.

She was referred to a parenting class, but on February 13, 2012, she arrived 15 minutes late for the class. She was told that if she arrived late "she was considered no show." She left the class and did not return. She was again referred and went to the class on April 6, 2013, but again arrived late. She was told that if she missed the next session she could be dropped from the program. She missed the next scheduled class and as of the writing of the report, which was dated April 25, 2013, she had not enrolled in a parenting class.

"[She] failed to satisfactorily complete her Child Dependency court ordered services as designed to aid her overcome the problems which led to the initial removal of her children. [Mother] continues using illegal drugs and is involved in criminal activities,

3

as demonstrated by her positive toxicology drug screens and arrests on November 7, 2012, and February 14, 2013, related to drug charges."

On May 1, 2013, the six-month review hearing was continued to June 4, 2013, and on that date continued to June 18, 2013.

On June 17, 2013, the agency filed an addendum to the report, which stated the following: Mother tested positive for marijuana and methamphetamine on April 29, 2013. On June 4, 2013, she was asked to submit to random drug testing. She said she would "go test" that afternoon but failed to do so. The next day she explained that she "was busy and could not go," and said she would submit to testing the next morning. At that time, however, she again failed to appear for testing. A social worker reported that mother received an initial mental health assessment on May 7, 2013, and was diagnosed with "bi-polar type 1, without psychotic." Mother was instructed to call back for an appointment but failed to do so.

The six-month review hearing was conducted on June 18, 2013. Mother did not present any evidence. After stating it had read and considered the report and the addendum to the report, the court ordered reunification services to mother terminated and set a section 366.26 hearing for October 10, 2013.

## DISCUSSION

Section 366.21, subdivision (e) (section 366.21(e)) governs the proceedings at the six-month review hearing. Under section 366.21(e), where, as here, multiple children are removed from the parents' custody at the same time and at least one of those children is under age three at the time of removal, the juvenile court may terminate reunification services and schedule a section 366.26 hearing only if the court finds by clear and convincing evidence "the parent failed to participate regularly and make substantive progress in a court-ordered treatment plan." (§ 366.21, subd. (e).)[3]

---

[3] We sometimes refer to this finding as the "treatment plan finding."

4

As best we can determine, mother's sole contention in the instant writ proceeding is that the evidence was insufficient to support the treatment plan finding.**4** There is no merit to this contention.

As a preliminary matter, we will not review the documents mother included with her writ petition because they were not presented to and considered by the juvenile court. (See rule 8.452(b)(1) [writ petition seeking review of an order setting a section 366.26 hearing must be accompanied by a memorandum which "must provide a summary of significant facts, limited to matters in the record"]; cf. *In re Zeth S.* (2003) 31 Cal.4th 396, 405 ["It has long been the general rule and understanding that 'an appeal reviews the correctness of a judgment as of the time of its rendition, upon a record of matters which were before the trial court for its consideration'"].)

The findings of juvenile courts made pursuant to section 366.21 are reviewed under the substantial evidence test. (*In re James B.* (1995) 35 Cal.App.4th 1014, 1020.) Substantial evidence is evidence that is "'reasonable, credible and of solid value,'" which would allow a reasonable trier of fact to reach the conclusion the juvenile court reached. (*In re Christina A.* (1989) 213 Cal.App.3d 1073, 1080.) Where there is substantial evidence to support the order, contradicted or not, the appellate court must affirm the decision. (*In re Tracy Z.* (1987) 195 Cal.App.3d 107, 113.) We must "view the evidence in a light most favorable to the respondent," and "indulge in all reasonable and legitimate inferences to uphold the judgment." (*In re Ronell A.* (1996) 44 Cal.App.4th 1352, 1361.)

Here, as indicated above, the record demonstrates the following: Mother's court-ordered case plan required that she refrain from using drugs, submit to drug testing, and

---

**4**     In her writ petition, mother states she is seeking relief from the June 18, 2013 order "setting a hearing under Welfare and Institutions Code section 366.26 petition ...." Her statement of grounds of her petition, in its entirety, is the following: "I complied with reunification services fully." (Unnecessary capitalization omitted.) As her "Summary of the factual basis for petition," she provides a list of documents she attached to her petition. We discuss these documents infra.

participate in mental health counseling and a parenting class. Mother, however, on multiple occasions tested positive for methamphetamine, amphetamines and/or marijuana and failed to submit to drug testing, failed to attend and, indeed, make a required appointment for, mental health counseling; and arrived late for her parenting class on multiple occasions and eventually simply failed to show up for class. On this record, the evidence was overwhelming that mother "failed to participate regularly and make substantive progress in a court-ordered treatment plan" within the meaning of section 366.21(e). Thus, substantial evidence supports the treatment plan finding.

To the extent mother's argument can be construed to include a claim that not only did the evidence not support the treatment plan finding, but also that the court in fact failed to make that finding, we note the following:

At the June 18, 2013 six-month review hearing, the court, rather than make detailed findings and orders, simply stated, "The Court ... adopts the findings and recommendation [of the agency, set forth in report and addendum to the report,] and makes them the order of the Court." The only explicit reference to the court-ordered treatment plan in those recommended findings is the following: "The Court finds *by a preponderance of evidence* that return of the children to the custody of [mother] would create a substantial risk of detriment to the safety, protection, or physical or emotional well-being of the children as the parent has failed to satisfactorily complete the Court Ordered Treatment Program, and/or the initial problems leading to out of home placement have not been alleviated." (Italics added.) This finding, as the italicized portion of the preceding quoted passage makes clear, does not constitute a finding by clear and convincing evidence, as required by section 366.21(e).

The only other finding at the six-month hearing that relates to the subject matter of treatment plan finding is the following: "The court finds that the extent of the progress made by the parent toward alleviating or mitigating the causes necessitating placement has been minimal to no progress for [mother]. [Mother] continues testing positive for

6

illegal drugs and has not demonstrated that she can live free from drug dependency. She is not actively participating in counseling to address her mental health issue. [Mother] failed to engage in parenting classes that were designed to improve her parenting techniques and help her to overcome the problem which led to the initial removal of her children. [Mother] is currently homeless and has not demonstrated that she can provide a safe home environment for her children. She continues her involvement in criminal activities, as demonstrated by her recent arrests." This finding, however, although it makes reference to facts upon which a treatment plan finding could be based, does not explicitly state that the court found by clear and convincing evidence that mother failed to participate regularly and make substantive progress in a court-ordered treatment plan.

We assume without deciding that the foregoing does not constitute compliance with the requirement of a treatment plan finding. Nonetheless, we conclude such error does not compel granting the instant writ petition.

In *In re Corienna G.* (1989) 213 Cal.App.3d 73 (*Corienna G.*), the parents of two minor children, each of whom had been declared a dependent child of the court (§ 300), appealed from an order made following a contested permanency planning hearing. (*Id*. at p. 75.) The parents argued that the juvenile court failed to make a finding required by former section 366.25, subdivision (d). The court of appeal agreed with the parents that the court failed to make the statutorily required "express determination" (*Corienna G.*, at p. 83) in question, but rejected the claim that such failure required reversal and remand to allow the court to comply with the statute. The court explained: "While we agree that the better practice would have been for the trial court to have made a required determination on the record, we perceive no practical purpose which would be achieved by such a result." (*Id.* at p. 83.) "Substantial evidence would amply have supported such a determination here." (*Id.* at p. 84.)

Similarly, in the instant case, where, as demonstrated above, the evidence amply supported the conclusion that mother "failed to participate regularly and make

7

substantive progress in a court-ordered treatment plan" within the meaning of section 366.21(e), there is no practical reason to remand the matter to allow the court to make the required finding.

## DISPOSITION

The petition for extraordinary writ is denied. This opinion is final forthwith as to this court.