Filed 8/18/15  In re K.B. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re K.B., et al, Persons Coming Under the Juvenile Court Law. | B259716 (Los Angeles County Super. Ct. No. DK05606) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>S.A.,<br><br>    Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Marilyn Mordetzky, Referee, Steff R. Padilla, Commissioner.  The jurisdictional order is conditionally reversed and remanded with instructions.  The appeal as to the dispositional order is dismissed.

Janette Freeman Cochran, under appointment by the Court of Appeal, for Defendant and Appellant.

Mark J. Saladin, County Counsel, Dawyn R. Harrison, Assistant County Counsel, Tyson B. Nelson, Deputy County Counsel for Plaintiff and Respondent.

INTRODUCTION

The juvenile court sustained a Welfare and Institutions Code section 300 (section 300) petition alleging that two-year-old K.B. and one-year-old S.B. came within the court's jurisdiction. On appeal, S.A. (mother) contends that substantial evidence does not support the juvenile court's jurisdictional finding as to her; the juvenile court erred in entering a dispositional order removing her children from her custody because the order is not supported by substantial evidence and the juvenile court failed to consider less drastic alternatives to removal; and the Los Angeles County Department of Children and Family Services (Department) failed to comply with the notice provisions of the Indian Child Welfare Act (ICWA or Act) (25 U.S.C. § 1901, et seq.) and the juvenile court erred in finding that the ICWA did not apply. Because the Department did not comply with the ICWA's notice provisions, we conditionally reverse the juvenile court's jurisdictional finding and remand this case with directions to the juvenile court to ensure full compliance with the ICWA. We dismiss the appeal as to the dispositional order because it is moot.

## DISCUSSION[1]

### I.     Jurisdictional Finding

Mother contends that substantial evidence does not support the juvenile court's jurisdictional finding as to her. Because mother pleaded no contest to the amended petition's allegations, she may not contest the jurisdictional finding on appeal.

"A plea of 'no contest' or an 'admission' (Cal. Rules of Court, [former] rule 1449(e)) is the juvenile court equivalent of a plea of 'nolo contendere' or 'guilty' in criminal courts. A plea of 'no contest' to allegations under section 300 at a jurisdiction

---

[1]     Because mother pleaded no contest to the amended petition, her challenge to the dispositional order is moot, and the Department concedes the ICWA error, we dispense with a detailed recitation of the facts underlying this case. Instead, we set forth the facts necessary to resolve the issues on appeal in our discussion of those issues.

hearing admits all matters essential to the court's jurisdiction over the minor." (*In re Troy Z.* (1992) 3 Cal.4th 1170, 1181.)

Mother pleaded no contest to the following allegations in the amended petition: "The children, [K.B.] and [S.B.]'s mother, [S.A.], suffers from depression, which, if not adequately treated, hinders mother's ability to provide appropriate care for the children. As recently as March 2014, the mother made concerning statements regarding being overwhelmed, suicidal ideation, and being afraid she might hurt her children. In 2010, mother was hospitalized on a 7-day hold for evaluation and treatment of mother's depression. The mother's depression, if not adequately treated, places the children at substantial risk of harm." The juvenile court advised mother of her rights in connection with a trial on jurisdiction and found that mother knowingly, intelligently, and voluntarily waived her rights. It further found that mother understood the nature of the conduct alleged in the amended petition, and the possible consequences of her plea. Based on the plea, the juvenile court found true the allegations in the amended petition. By her no contest plea, mother forfeited her right to challenge on appeal the juvenile court's jurisdictional finding. (*In re Troy Z., supra,* 3 Cal.4th at p. 1181.)

Citing *In re Tracy Z.* (1987) 195 Cal.App.3d 107, 112, mother contends that she preserved her right to challenge the jurisdictional findings because such findings "are reviewable on a timely appeal from the dispositional orders." *In re Tracy Z.* does not support mother's contention. In that case, the court held that jurisdictional findings are not directly appealable, but are reviewable only in an appeal from the dispositional order or judgment. (*Ibid.*) It did not hold that a party who pleads no contest to the allegations in a petition may nevertheless challenge the evidence supporting those allegations if the challenge is timely brought. Moreover, as we discuss *post*, the appeal of the dispositional order is moot. Even if *In re Tracy Z.* could be read to support mother's argument, we are bound by the Supreme Court's decision in *In re Troy Z., supra,* 3 Cal.4th at p. 1181. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

3

**II.      Dispositional Order**

Mother contends that the juvenile court erred in entering the dispositional order removing K.B. and S.B. from her custody because substantial evidence does not support the order and the juvenile court failed to consider less drastic alternatives to removal. Because the juvenile court has returned the children to mother's custody, the issue is moot.

"'[A]n action that originally was based on a justiciable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events. A reversal in such a case would be without practical effect . . . .' [Citation.]" (*In re Dani R.* (2001) 89 Cal.App.4th 402, 404.)  "When no effective relief can be granted, an appeal is moot . . . . [Citation.]" (*In re Jessica K.* (2000) 79 Cal.App.4th 1313, 1316.)

At a hearing about two months after the jurisdiction/disposition hearing, the juvenile court returned K.B. and S.B. to mother's custody.[2]  Because mother was granted custody of her children, we cannot grant her effective relief and her appeal on this issue is thus moot. (*In re Dani R., supra,* 89 Cal.App.4th at p. 404; *In re Jessica K., supra,* 79 Cal.App.4th at p. 1316.)

Citing *In re E.T.* (2013) 217 Cal.App.4th 426, 436, mother contends that an issue in a dependency proceeding is not moot if the purported error may infect the outcome of subsequent proceedings.  She argues that the dispositional order removing K.B. and S.B. "can adversely affect [her] at future review hearings or, after jurisdiction terminates, on a new petition."  Mother does not cite any examples of how the removal order might adversely impact her in the future if not reversed on appeal.  In fact, notwithstanding the removal order, the juvenile court returned mother's children to her custody.

Mother relies on *In re Suhey G.* (2013) 221 Cal.App.4th 732, 735 for the proposition that "the importance of the issues and the likelihood of their reoccurrence justifies the exercise of a reviewing court's discretion to retain jurisdiction to consider and resolve the issues, even if events in the juvenile court may have rendered them

---

**2**      We granted the Department's motion for judicial notice of the minute order for the hearing that returned K.B. and S.B. to mother's custody.

4

moot." The discretionary exception to the mootness rules to which mother refers concerns issues of broad public interest. (*Environmental Charter High School v. Centinela Valley Union High School Dist.* (2004) 122 Cal.App.4th 139, 144.) Mother sets forth the exception, but does not explain her argument. That is, she does not identify (and we do not perceive) an issue of broad public interest that the dispositional order implicates. Because mother's appeal of the dispositional order is moot, we dismiss that claim.

**III.    The ICWA**

Mother contends that the Department failed to comply with the ICWA's notice provisions and the juvenile court erred in finding that the ICWA did not apply. The Department agrees as do we.

"In 1978, Congress passed the Act, which is designed to promote the stability and security of Indian tribes and families by establishing minimum standards for removal of Indian children from their families and placement of such children 'in foster or adoptive homes which will reflect the unique values of Indian culture, and by providing for assistance to Indian tribes in the operation of child and family service programs.'" (*In re Marinna J.* (2001) 90 Cal.App.4th 731, 734, quoting 25 U.S.C. § 1902.) The Act "sets forth the manner in which a tribe may obtain jurisdiction over proceedings involving the custody of an Indian child, and the manner in which a tribe may intervene in state court proceedings involving child custody. When the dependency court has reason to believe a child is an Indian child within the meaning of the Act, notice on a prescribed form must be given to the proper tribe or to the Bureau of Indian Affairs, and the notice must be sent by registered mail, return receipt requested. [Citations.]" (*In re Elizabeth W.* (2004) 120 Cal.App.4th 900, 906.)

To comply with the ICWA, "[t]he notice must include: if known, (1) the Indian child's name, birthplace, and birth date; (2) the name of the tribe in which the Indian child is enrolled or may be eligible for enrollment; (3) names and addresses of the child's parents, grandparents, great grandparents, and other identifying information; and (4) a

5

copy of the dependency petition. [Citation.] To enable the juvenile court to review whether sufficient information was supplied, [the child dependency] [a]gency must file with the court the ICWA notice, return receipts and responses received from the BIA and tribes. [Citation.]" (*In re Francisco W.* (2006) 139 Cal.App.4th 695, 703.)

Mother filed a Parental Notification of Indian Status form that stated that she might have Indian ancestry in the Crete tribe. The Department's Detention Report stated that a social worker spoke with maternal grandmother who believed that there was Indian ancestry in the Crete Indian tribe in Mississippi on her mother's side. Maternal grandmother provided the names and identifying information for relatives, including some who were born in Mississippi. At the dispositional hearing, the juvenile court ruled, "There's no indication that this is an Indian Child Welfare Act case."

The Department concedes that it did not comply with the ICWA notice provisions, stating that the record does not reflect that it sent notice to the Crete tribe. It contends, however, that we need not reverse any of the challenged orders. Instead, the Department suggests that we affirm the juvenile court's orders and remand the matter with directions to the Department to send notice under the ICWA. Because the Department did not comply with the ICWA's notice provisions (*In re Francisco W., supra,* 139 Cal.App.4th at p. 703), we conditionally reverse the juvenile court's jurisdictional finding as to K.B. and S.B. and remand this case with directions to the juvenile court to ensure full compliance with the ICWA. If after the Department complies with the ICWA, the juvenile court determines that the children do not have Indian heritage, then the juvenile court shall reinstate the jurisdictional finding and proceed accordingly.

Generally, when we conditionally reverse a jurisdictional finding and remand for ICWA compliance we also conditionally reverse any valid dispositional orders challenged on appeal. In this case, however, we do not conditionally reverse the juvenile court's dispositional order removing K.B. and S.B. from mother's custody as mother's children have been returned to her and, as explained above, mother's challenge to that order is dismissed as moot. The challenged dispositional order is a nullity and not entitled to any effect on remand.

6

## DISPOSITION

The juvenile court's jurisdictional finding is conditionally reversed. The matter is remanded to the juvenile court for the limited purpose of ensuring the Department's compliance with the ICWA. If after such compliance, the juvenile court determines that the children do not have Indian heritage, then the juvenile court shall reinstate the jurisdictional finding and proceed accordingly. The claim as to the dispositional order is dismissed as moot.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


MOSK, Acting P. J.


We concur:



KRIEGLER, J.



KIRSCHNER, J.*

---

\*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7