Filed 10/27/15  In re A.G. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| In re A.G., a Person Coming Under the Juvenile Court Law. | C078213 |
| YOLO COUNTY DEPARTMENT OF EMPLOYMENT AND SOCIAL SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>AMBER G.,<br><br>Defendant and Appellant. | (Super. Ct. No. JVSQ14381) |

Amber G., mother of the minor, appeals from the judgment of disposition.  (Welf. & Inst. Code, § 395.)[1]  Mother, conceding substantial evidence supports the c-1 allegation of the petition, contends there was insufficient evidence to support the b-1

---

[1] Further undesignated statutory references are to the Welfare and Institutions Code.

1

allegation. She argues she can raise this issue because a true finding on the b-1 allegation will have a negative impact on her ability to reunify with the minor in the circumstances of this case. Mother further contends the notice pursuant to the Indian Child Welfare Act (25 U.S.C. §§ 1901 et seq.; hereafter ICWA) contained insufficient information for the tribes to determine whether the minor was eligible for membership in the tribe. Respondent concedes the ICWA notice was deficient. We shall reverse and remand for the limited purpose of complying with the notice requirements of ICWA and state law.

FACTS

The 12-year-old minor, A.G., was removed from mother's custody in September 2014 based on a petition which alleged, in paragraph b-1, that mother failed to protect the minor by allowing one contact between the minor and her 16-year-old half sibling, D.G., after the minor alleged, in July 2014, that she was inappropriately touched by D.G. six years earlier. The petition further alleged, in paragraph c-1, that mother failed to demonstrate protective capacities and lacked the parenting skills required to meet the significant mental health needs of the minor as demonstrated by the minor's hospitalization after a suicide attempt in September 2014 and the minor's diagnosis of recurrent and severe major depressive disorder and parent-child relational problems.

The detention report stated that on July 31, 2014, the minor told the social worker that her half brother, D.G., last touched her inappropriately a " 'couple months ago.' " The minor told mother but mother did not believe her. The minor did not feel safe in the home and was allowed to stay with her grandmother's neighbor. Mother insisted the minor was lying. The social worker requested that mother not allow contact between the minor and D.G. until after the Multi-Disciplinary Interview Center (MDIC) forensic interview for sexual abuse. Mother agreed to the request. At the MDIC interview in September 2014, the minor recanted her allegations and explained the touching was accidental. The minor disclosed that she had contacts with D.G. prior to the MDIC interview and that her grandmother was mad at her and had told her she could " 'ruin' "

2

D.G.'s life with her allegations. Mother agreed to voluntary services and to allowing the minor to reside at the grandmother's home. Four days after the MDIC interview, the minor, who had a history of suicide attempts, again attempted suicide and was hospitalized. The court ordered the minor detained.

The jurisdiction report stated that the social worker reminded mother in August 2014 that D.G. could not have any contact with the minor. The social worker also spoke to the minor who clarified that the inappropriate touching occurred when she was six and D.G. was 10. The minor said that she had a conversation with D.G. about the touching incident a week earlier when they were walking the dog.

At the jurisdiction hearing in November 2014, the minor testified she recently made a statement that D.G. touched her inappropriately several years ago. She told the family the day after it happened. He has not touched her that way again but continues to touch her in ways that make her uncomfortable. She has told him to stop but he pays no attention to her. Although she had talked with D.G. and did not think the inappropriate touching would happen again, the minor is afraid of D.G. because of other things that have happened in the past. The minor admitted to being "a little" afraid he would touch her inappropriately again. The minor testified she talked to D.G. about the touching after she talked to the social worker. The minor said D.G. has a hard time keeping his hands to himself with her and others. She recently brought up the incident from six years ago because D.G. did not know how to keep his hands off her. The minor explained that she lived with her grandmother and her grandmother's neighbor because she did not feel safe at home, did not want to be around the family and did not feel she was being taken care of.

When the hearing resumed in December 2014, mother presented evidence through an offer of proof, which stated that mother learned of the allegations of sexual touching on July 31, 2014, and thereafter permitted no contact between the minor and D.G.

3

Mother did not believe D.G. would seek out contact with the minor because he did not recall doing the acts and was hurt by the accusations.

Mother did not dispute the c-1 allegation and the court sustained that allegation. However, the court stated it believed there was one contact between the minor and D.G. after July 31, 2014, and modified the b-1 allegation to state "The mother Amber [G.], has failed to protect and provide adequate supervision of the minor, [A.G.] (12), in that she has allowed one contact between [the minor] and her half sibling, [D.G.] (16), after [the minor] alleged in July, 2014 that she was inappropriately touched by [D.G.] six years earlier." The court sustained the b-1 allegation as modified.

The disposition report recommended services for mother. The proposed case plan included individual and/or group counseling and medication monitoring. At the disposition hearing, the court adopted the recommended findings and orders and set a review date, directing the parties, in consultation with the minor's therapist, to return in three weeks with a plan to integrate both D.G. and mother's spouse into visits.

DISCUSSION

I

Mother contends substantial evidence did not support the b-1 allegation and that if the true finding stands, she will never be able to reunify with the minor.

As mother recognizes, we need find only one ground is supported by substantial evidence to affirm the juvenile court's exercise of jurisdiction. (*In re I.J.* (2013) 56 Cal.4th 766, 773; *In re I.A.* (2011) 201 Cal.App.4th 1484, 1492; *In re Tracy Z.* (1987) 195 Cal.App.3d 107, 112-113.) Here, mother does not challenge the c-1 allegation; however, mother asks this court to exercise its discretion to reach the merits of the substantial evidence challenge to the b-1 allegation.

Principles of justiciability generally operate to deny review of an issue where no relief can be granted that would have a practical, tangible impact on a parent's position in the dependency. (*In re I.A., supra*, 201 Cal.App.4th at p. 1490.) Review of the

4

evidentiary basis for one allegation supporting dependency jurisdiction where a second allegation, which also supports dependency jurisdiction, remains unchallenged is such an issue. (*Id*. at p. 1491.) However, the court may exercise its discretion to reach the merits of a challenge to any jurisdictional finding "when the finding (1) serves as the basis for dispositional orders that are also challenged on appeal [citation]; (2) could be prejudicial to the appellant or could potentially impact the current or future dependency proceedings [citations]; or (3) 'could have other consequences for [the appellant], beyond jurisdiction' [citation]." (*In re Drake M.* (2012) 211 Cal.App.4th 754, 762-763 [substantial evidence to support allegation was addressed where it could mean the difference between father's being an offending parent versus a nonoffending parent]; see also *In re Christopher M.* (2014) 228 Cal.App.4th 1310, 1316 [same].)

Mother claims that "the true finding on the allegation of [D.G.'s] touching will have a substantial negative effect on [her] ability to reunify with A.G." Mother's argument mischaracterizes the allegation as sustained. The court did not make a true finding that the minor was sexually abused by D.G. or anyone else. The court found only that mother failed to protect the minor by allowing a single contact between the minor and D.G. after the minor alleged she was inappropriately touched by D.G. six years earlier. Both the case plan and proposed visitation orders were designed to address mother's failure to protect the minor as well as provide for integrating D.G. and mother's spouse into visits. Certainly there were difficult issues for all of the family members to be addressed, but the finding as made by the dependency court did not address the truth or falsity of the minor's disclosure, only that mother failed to protect her by permitting contact which she had agreed she would not permit. Mother's speculation on the ultimate resolution of the dependency is not a reason for this court to address an issue when we can provide no practical relief. We decline to consider the merits of mother's claim.

## II

The detention report stated mother claimed Blackfoot and Sioux ancestry and told the social worker that father also had Indian ancestry but she did not know what tribe. Notice was sent to the tribes with limited information about mother, the father, and the maternal grandmother.

The ICWA protects the interests of Indian children and promotes the stability and security of Indian tribes by establishing minimum standards for, and permitting tribal participation in, dependency actions. (25 U.S.C. §§ 1901, 1902, 1903(1), 1911(c), 1912.) If, after the petition is filed, the court "knows or has reason to know that an Indian child is involved," notice of the pending proceeding and the right to intervene must be sent to the tribe or the Bureau of Indian Affairs (BIA) if the tribal affiliation is not known. (25 U.S.C. § 1912; § 224.2; Cal. Rules of Court, rule 5.481(b).) Failure to comply with the notice provisions and determine whether the ICWA applies is prejudicial error. (*In re Kahlen W.* (1991) 233 Cal.App.3d. 1414, 1424; *In re Desiree F.* (2000) 83 Cal.App.4th 460, 472.)

State statutes, federal regulations and the federal guidelines on Indian child custody proceedings all specify the contents of the notice to be sent to the tribe in order to inform the tribe of the proceedings and assist the tribe in determining if the child is a member or eligible for membership. (§ 224.2; 25 C.F.R. § 23.11(a), (d), (e) (2015); 44 Fed.Reg. 67588 (Nov. 26, 1979).) If known, the agency should provide name and date of birth of the child; the tribe in which membership is claimed; and the names, birthdates, places of birth and death, current addresses, and tribal enrollment numbers of the parents, grandparents, and great-grandparents as this information will assist the tribe in making its determination of whether the child is eligible for membership and whether to intervene. (§ 224.2; 25 C.F.R. § 23.11(a), (d), (e) (2015); 44 Fed.Reg. 67588 (Nov. 26, 1979); *In re D.T.* (2003) 113 Cal.App.4th 1449, 1454-1455.)

6

Mother claims the ICWA notice was defective because it provided no information about the maternal grandfather, the father, or any great-grandparents where some or all of the missing information was known or available to the social worker. Respondent concedes that notice and inquiry was deficient in this case. Having reviewed the record, we accept the concession and reverse and remand the case for the sole purpose of compliance with the ICWA.

## DISPOSITION

The judgment is reversed and the matter is remanded for the limited purpose of compliance with the notice provisions of the ICWA and determining whether the ICWA applies in this case. If after proper inquiry, respondent provides notice containing all known information and the juvenile court determines that the tribes were properly noticed and there either was no response or the tribes determined that the minor is not an Indian child, the judgment shall be reinstated. However, if a tribe or tribes determine the minor is an Indian child and the court determines the ICWA applies to this case, the juvenile court is ordered to conduct new jurisdiction and disposition hearings in conformance with all provisions of the ICWA.

_/s/_____
Blease, Acting P. J.

We concur:

_/s/_____
Mauro, J.

_/s/_____
Duarte, J.

7